TOWNSHIP COMMITTEE OF THE TOWNSHIP OF UNION, IN THE COUNTY OF UNION, PLAINTIFFS IN ERROR, v. STATE, EX REL. GUSTAVUS W. RADER AND MICHAEL SCHMITT, DEFENDANTS IN ERROR.

Section 5 of the act concerning townships and township officers (*Rev.*, *p.* 1203, ? 54,) which provides that whenever it is deemed expedient to issue town or township bonds for any lawful purpose, the bonds shall only be made or issued on certain conditions mentioned in that act, applies only to cases where it is optional either to incur the debt or not, and not to those where a lawful debt has already been incurred and the payment of it is consequently obligatory upon the township.

---

In error to the Supreme Court.    See 14 *Vroom* 518.

For the plaintiffs in error, *F. Bergen.*

For the defendants in error, *W. P. Wilson, R. E. Chetwood, W. C. Spencer,* and *R. S. Green.*

The opinion of the court was delivered by

THE CHANCELLOR.    By the act entitled "An act in rela-tion to streets in Union township, in Union county," passed in 1871, the inhabitants of part of the township were incor-porated by the name of "The Southeasterly Road District of the township of Union, in the county of Union," for the pur-pose of making certain public improvements.    The powers and duties granted and imposed by the act were to be exercised and performed by a board of commissioners.    By an act passed  .

in 1872 that act was repealed, but with proviso that the repeal should not, in any way, affect or impair any unexecuted legal contract which the board had made, and making the township committee liable to pay the debts which the board had legally contracted, and giving them power to raise the money by the issue of bonds.

The relators having recovered judgments against the township committee for debts of the road district, applied to the Supreme Court for a *mandamus* to compel them to pay. Alternative writs were issued, to which the committee made return, alleging their inability, from want of funds, to pay the money, and their want of power to raise it. The prosecutors demurred to the returns, and the Supreme Court sustained the demurrers. All the questions raised on the argument, except one, have been adjudicated upon in the Supreme Court, and finally settled here. *Rader* v. *Township of Union*, 10 *Vroom* 509; *Township of Union* v. *Rader*, 12 *Vroom* 617. By the act of 1872 the township committee were, as before stated, empowered to borrow money to pay the debts on the bonds of the township to be issued by them for the purpose. They insist, however, (and that is the new question just referred to,) that the power to raise money by bonds has been qualified by the act of April 21st, 1876, (*Rev.*, *p.* 1203, § 54,) which provides that whenever it is deemed expedient to issue town or township bonds for any lawful purpose, the bonds shall only be made or issued on certain conditions mentioned in that act, which are, that there shall be a petition, to be signed by tax-payers of the township, not including those who pay poll taxes only, representing a majority in number and amount of the tax-payers and taxable property, requesting the committee to issue the bonds, and specifying the amount and purpose of the issue, that the petition and verification thereof shall be recorded in the office of the clerk of the township and filed in the county clerk's office, and that the question whether the bonds shall be issued or not shall be submitted to a vote of the legal voters at a town meeting, and decided in the affirmative by a majority at the election. But that provision obviously applies only to

cases where it is optional either to incur the debt or not, and not to those where a lawful debt has already been incurred, and the payment of it is, consequently, obligatory upon the township. It would be absurd to suppose that the legislature intended to leave it to the choice of the tax-payers whether they would pay the lawful debts of the township or not. The judgment of the Supreme Court in the cases under consideration should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, KNAPP, PARKER, SCUDDER, VAN SYCKEL, CLEMENT, COLE, KIRK, PATERSON, WHITAKER. 11.

*For reversal*—None.